IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA HARDER, | ) |
|         Plaintiff | ) |
| v. | ) No. |
| ROBERT MORRIS UNIVERSITY, | ) |
|         Defendant | ) |

## COMPLAINT

Now comes the plaintiff, DONNA HARDER ("Plaintiff"), by her attorneys, MARK D. DE BOFSKY, MARIE E. CASCIARI and ANNE SCHMIDT, and complaining against the defendant, ROBERT MORRIS UNIVERSITY ("Defendant" or "Robert Morris") she states:

### *Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought pursuant to § 502(a) of ERISA. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal are either non-existent, have been exhausted, or are excused based on a lack of meaningful access to the review procedures.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

*Nature of Action*

4. This is a claim alleging breach of fiduciary duty against Defendant and seeking disgorgement of life insurance benefits and interest/investment returns thereon paid following the death of Philip Harder, as well as renouncement of any other claims for life insurance benefits. This action is brought pursuant to § 502(a)(3) of ERISA (29 U.S.C. §1132(a)(3)).

*The Parties*

5. Plaintiff is a resident of Oak Lawn, Illinois, located within the Northern District of Illinois. Plaintiff is the surviving spouse and proper life insurance beneficiary of Philip Harder, who passed away in May 2013. At the time of his death, Philip Harder was an employee of Defendant and a participant in a group life insurance program sponsored by Robert Morris comprised of two life insurance policies, each responsible for the payment of either $350,000 or $500,000 in indemnity depending on the length of Philip Harder's employment.

6. Robert Morris was the plan sponsor and plan administrator of a group life insurance program covering its employees, inclusive of Philip Harder. The program was funded with two life insurance policies: Unum Life Insurance Company of America ("Unum") (under the Select Group Insurance Trust, Policy No. 292000, Identification No. 121658 001) and Standard Insurance Company ("Standard") (under Policy No. 127728-C) (collectively "Plans"). The insurance in question is group insurance and was never purchased as "key man" insurance. Consequently, Robert Morris never had an insurable interest in the life of Philip Harder.

7. At all times relevant hereto, Robert Morris was the sponsor of the Plans, which constituted employee welfare benefit plans as defined by 29 U.S.C. 1002(1); and was acting as plan administrator as defined by 29 U.S.C. § 1002(16), a position that rendered Robert Morris both a

fiduciary of the Plans, as the term "fiduciary" is defined by the ERISA statute in 29 U.S.C. § 1002(21), as well as a party in interest as defined by the ERISA statute in 29 U.S.C. § 1002(14). Prior to his death, Philip Harder was a "participant" in the Plans as defined by the ERISA statute in 29 U.S.C. § 1002(7); and his wife, Plaintiff, was originally named as and was the proper beneficiary of Philip Harder's coverage.

### *Statement of Facts*

8. Philip Harder was an employee of Robert Morris, who worked as a professor and associate dean until his sudden and unexpected death in May 2013 at the age of 60. As an employee of Robert Morris, Philip Harder was offered group life insurance through a program sponsored by Robert Morris. Philip Harder accepted the life insurance and was provided with at least $700,000 in life insurance coverage, half of which was paid by Unum and half by Standard.

9. At the time he became insured, Philip Harder designated his wife, Donna Harder, as his sole beneficiary; and he also designated his son, Matthew Harder, as a contingent beneficiary.

10. At the time of Philip Harder's death, Robert Morris notified both insurance companies that it was the beneficiary; and on information and belief, Robert Morris received an indemnity payment from Unum. When Donna Harder became aware of the payment, she demanded that Defendant turn over the proceeds to her, but Robert Morris refused to do so.

11. Plaintiff has also been informed and believes that Robert Morris submitted a claim for indemnity to Standard; however, Standard has been made aware that Donna Harder is also asserting a claim for benefits and no indemnity has yet been paid by Standard.

### *Underlying Statutory Provisions*

12. Because the life insurance coverage at issue was provided pursuant to an ERISA

welfare benefit plan; and because Robert Morris was both the plan sponsor and plan administrator, at all times relevant hereto, Morris owed a fiduciary duty to Philip Harder and his beneficiaries in accordance with 29 U.S.C. § 1104.

13. In addition thereto, ERISA prohibits certain transactions enumerated in 29 U.S.C. § 1106 that forbid fiduciaries from dealing with the assets of a plan in its own interests. ERISA's prohibited transaction rules forbid a plan fiduciary from acting in any transaction in a manner where its interests are adverse to the interests of the plan participants and beneficiaries. 29 U.S.C. § 1106(b).

14. Moreover, 29 U.S.C. § 1103(c) provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries…"

*Facts Giving Rise to a Cause of Action*

15. Notwithstanding the foregoing statutory provisions, Robert Morris breached the fiduciary obligations owed to Philip Harder pursuant to ERISA during his life, and to Donna Harder after her husband's death, in one or more of the following ways:

a) Robert Morris either intentionally or negligently misled Philip Harder into allowing Robert Morris to claim that it was the beneficiary of his life insurance following his death;

b) In the event Robert Morris obtained a beneficiary designation from Philip Harder, it acted adversely to the interests of plan participants and beneficiaries, and engaged in self-dealing by claiming the proceeds of the life insurance policies;

c) Robert Morris's actions were contrary to those of a fiduciary, obligated under ERISA, pursuant to 29 U.S.C. § 1104(a)(1), to act "solely in the interest of the participants and

beneficiaries and – for the exclusive purpose of providing benefits to participants and their beneficiaries;"

d) By accepting indemnity from Unum and not turning over the payment to Plaintiff, Robert Morris violated ERISA's anti-inurement provision and has been unjustly enriched by its retention of a payment that it was required to hold for the exclusive purpose of providing benefits to plan participants and their beneficiaries.

16. As a direct and proximate result thereof, Plaintiff has been denied insurance payments to which she is entitled; and her right to receive payment from Standard has been impeded by Robert Morris's assertion of a competing claim for benefits.

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in favor of Plaintiff and against Defendant ordering Defendant to turn over to Plaintiff all monies received from Unum and all interest or returns on investment that Robert Morris has received to date from that payment;

B. That the court order Robert Morris to renounce its claim to the benefits insured by Standard in favor of Plaintiff;

C. That the court grant Plaintiff her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

D. That the court award Plaintiff any and all other relief to which she may be entitled.

Dated: October 1, 2013                        Respectfully Submitted,

                                              /s/ Mark D. DeBofsky
                                              _____
                                              One of the Attorneys for Plaintiff

Mark D. DeBofsky
Marie E. Casciari
DeBofsky & Associates, P.C.
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
(312) 561-4040

Anne Schmidt
The Law Offices of Anne Schmidt, LLC
116 E. Illinois St., Suite 6E
Chicago, Illinois 60654
(312) 595-1705